Learned, J.
I think there is no doubt that the plaintiffs are entitled to use the trademark “D. Simmons & Co.,” and that Jonas Simmons did not have (at least after October, 1861) any right to use that name. So, also, the use of the name “ D. Simmons,” as a trademark on axes and tools, is but a fraudulent imitation of the name “D. Simmons & Co.,” and Jonas Simmons, certainly after October, 1861, had no right whatever to use that imitation.
So far then as the plaintiffs seek to restrain the de *179 fendants from using this trademark, they are entitled to the relief. But as to the matter of recovering damages, other matters are to be considered.
The defendants had stopped business at or before the time of the commencement of this action, with no intention of resuming, and they have not resumed. Two of the defendants (the only defendants now in the State, and evidently the responsible parties), went into the business in the spring of 1869. They were not axe manufacturers ; but had become creditors of an old firm to a large amount; and they took hold of the business to save themselves. They gave no personal attention to the business; and they had no information that the plaintiffs claimed a right to this trademark. The old firm which they succeeded had used the trademark “ D. Simmons ; ” and these two defendants, at the time of succeeding to the old firm, understood from them that they had a right to use the same. The defendants received the stamps and labels from the old firm. After carrying on business for a time, the defendants were sued by Jonas Simmons, for using the trademark <CD. Simmons,” to which he claimed to be entitled. They compromised with him, and in pursuance of such compromise, took him into their employment, in which he continued till they stopped business. There is every reason to believe that these two defendants acted in perfect good faith in using this trademark. As to the third defendant, not now in this State, there is no positive evidence, except that he had been in the old firm, and that in that old firm, under the authority (which he claimed) of Jonas Simmons, that trademark had been used.
If the defendants had taken up, on their own suggestion, this name of “ D. -Simmons,” it might be said with force, that they must have known that it was not the name of either of them, and that, therefore, they were not justified in using it. But when it appears that Jonas Simmons had claimed it, that their prede *180 cessors had used it, and, finally, that Jonas Simmons had sued them for an infringement of his rights in using this name, then it is manifest that all which they did was in good faith, without any wrong intent and in ignorance of the rights of the plaintiffs.
ISTow, without going over in detail the cases on this subject, it will be found that they all speak of “ imitation of trademarks,” ‘1 adoption of trademarks,” ‘1 colorable resemblances,” and the like ; implying in all instances that the acts of the party charged with doing a wrong are intentional. To illustrate: if a manufacturer had adopted and for a long time used a trademark, so that he had acquired an undoubted right to protection, and another manufacturer, in ignorance of this fact, should accidentally adopt precisely the same mark, there would be no intentional injury. The rightful owner of the trademark, by giving to the other person notice of his right, could place the latter in the wrong in respect to anything thereafter done in violation of the owner’s rights. But as to all previous acts, it could not be said that there was any “ imitation,” or “adoption,” or “colorable resemblance.” There would have been, previous to such notice, none of that intent to palm off the manufactures of one man for those of another, which appears in all the cases on this subject.
The case is still stronger where the defendants not only are ignorant of the plaintiff’s claim, but have been induced, by a previous litigation, to acknowledge a similar claim made to the same trademark by a third party.
I think, therefore, that the plaintiffs should have a permanent injunction, as prayed for, and that they should recover costs ; but I-do not think that they are entitled to any damages, and in that respect the prayer of the complaint is denied
Judgment accordingly.